```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON


TICO JACQUES SMITH,              )
                                 )
     Plaintiff,                  )    Civil No. 13-CV-32-JMH
                                 )
V.                               )
                                 )
JUDGE KARL S. FORESTER, et al., )     MEMORANDUM OPINION
                                 )         AND ORDER
     Defendants.                 )
```

                    ****   ****   ****   ****

Tico Jacques Smith is an inmate confined at the United States Penitentiary - Hazelton in Bruceton Mills, West Virginia. Proceeding without an attorney, Smith has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] The Court has granted Smith's motion to pay the filing fee in installments by prior order. [R. 7]

The Court must conduct a preliminary review of Smith's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Smith's complaint under a more lenient standard

because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Smith alleges that in the early morning hours of February 5, 2010, Lexington police officer Gary Thurman pulled over a vehicle in which Smith was a passenger. Thurman was later joined by Lexington police officers Stacey Shannon and Jason Rothman. Thurman advised the driver of the vehicle that Smith had recently been arrested on drug charges. Thurman then handcuffed Smith, and allegedly stated that he pulled over the vehicle because "at so and so time at night you were driving a nigger car, you have two niggers in your car." [R 1., p. 3]

Smith was later indicted by a federal grand jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Assistant United States Attorney assigned to prosecute the case was Brandon Marshall; United States District Judge Karl S. Forester was the presiding judge in the case. *United States v. Smith*, No. 5:10-cr-56-KSF-1 (E.D. Ky. 2010).

Smith alleges that on July 23, 2010, Marshall and Judge Forester were informed that the traffic stop was arbitrary and based solely on Smith's race. [R. 1, p. 3] In a July 27, 2010, supplemental memorandum filed in support of Smith's motion to

suppress evidence seized at the traffic stop, his counsel asserted that the driver stated that "[w]hen she questioned the officer why he wanted to search her vehicle, ... Officer Thurman stated it was because two white women were driving around with black men at night in a black neighborhood," and argued that this was not a legally-sufficient ground to authorize the stop. [R. 24 therein, pp. 4, 8] After the Court denied the motion to suppress, Smith agreed to plead guilty to the § 922(g) charge, but expressly reserved his right to challenge the denial of his suppression motion on appeal. [R. 25, 36 therein] On appeal Smith again challenged the vehicular stop as impermissibly based solely upon his race, an argument the Sixth Circuit rejected. [R. 54 therein, p. 2] On June 18, 2012, the Supreme Court denied Smith's petition for a writ of *certiorari*. [R. 57 therein] Smith has not yet filed a motion for relief from his conviction or sentence pursuant to 28 U.S.C. § 2255, and the one-year period within which to do so under 28 U.S.C. § 2255(f) has not yet passed.

Smith claims that Lexington police officers Thurman, Rothman, and Shannon "subjected plaintiff to an unreasonable search and subsequent arrest"; that "Thurman's motivation [to stop the vehicle] was based on racial discrimination ..."; and that AUSA Marshall and Judge Forester conspired with the officers to conceal such discrimination and to violate his civil rights. [R. 1, pp. 4-5] Smith sues each of the defendants in his or her individual and

official capacity for compensatory and punitive damages.

The Court will dismiss Smith's complaint without prejudice as barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court explained that "a civil rights action for damages that would imply the invalidity of a conviction may not be brought until the subject conviction has been overturned." *Hunt v. Michigan*, 482 F. App'x 20, 21 (6th Cir. 2012); *Matheney v. City of Cookeville, Tenn.*, 461 F. App'x 427, 430 (6th Cir. 2012). Smith asserts the same claim of impermissible racial profiling that he asserted, without success, during his criminal proceedings. Because the successful assertion of that claim in this civil proceeding would necessarily undermine the validity of the decisions of the district court and the Sixth Circuit upholding his criminal conviction, it may not be asserted unless and until Smith successfully challenges his criminal conviction through post-conviction proceedings or through habeas corpus. *Wallace v. Kato*, 549 U.S. 384, 395 n. 5(2007) ("a Fourth Amendment claim can necessarily imply the invalidity of a conviction, and ... if it does it must, under *Heck*, be dismissed.").

Accordingly, **IT IS ORDERED** that:

1. Smith's complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket of the Court.

This the 7th day of June, 2013.



Signed By:
*Joseph M. Hood*
United States District Judge